IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  06-40011 - 01, 02 - WEB |
| | ) | |
| PEGGY FRANKLIN-EL, and | ) | |
| JOHNNIE FRANKLIN-EL, | ) | |
| d/b/a THE GREAT MEETING IS | ) | |
| ON FOR YOUR SUCCESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Memorandum and Order</u>**

This matter came before the court on February 16, 2007, for a hearing on the defendants' amended Motion to Dismiss the First Superseding Indictment.  (Doc. 67).  After the parties agreed to forego oral argument and to submit the motion on the briefs, the court orally denied the motion and outlined its reasons for doing so.  This written memorandum will supplement the court's oral ruling.

I. *Background.*

The First Superseding Indictment contains 70 counts.  It includes a rather extensive background section alleging that the defendants Peggy Franklin-El and Johnnie Franklin-operated a corporation known as The Great Meeting Is On For Your Success, which was ostensibly operated as a treatment center providing counseling services for individuals with drug and alcohol dependency.  The defendants were alleged to be certified Alcohol and Drug Abuse Counselors and were the Executive Director and President of the corporation.  In August 2003, the Kansas Medical

Assistance Program ("Medicaid"), approved the Great Meeting as a drug and alcohol abuse services provider. The Indictment contains an extensive explanation of the Medicaid program and its requirements. The specific charges in the Superseding Indictment, highly summarized, are as follows. Count 1 charges that beginning in June 2003 and continuing to January 2006, the defendants engaged in a conspiracy to commit offenses against the United States (namely, health care fraud, money laundering, and obstruction of a federal health investigation) and to defraud the United States (by obstructing the Government's lawful administration of health care programs including Medicaid), all in violation of 18 U.S.C. Section 371. Counts 2-53 of the Indictment charge health care fraud, that is, executing a scheme to defraud the Medicaid health care benefit program in connection with payment for health care benefits and services, by knowingly submitting false claims to Medicaid for community-based drug and alcohol abuse services that were not provided, in violation of Section 1347 and Section 2. In introductory paragraphs applicable to each of Counts 2-53, the Indictment alleges that the defendants knowingly submitted false claims for services not provided in five specific ways: a) by billing for drug and alcohol abuse services purportedly provided to children under age 12, when no methods exists for diagnosing of treating such problems in individuals so young, and when there was no indication these children suffered from a drug or alcohol addiction; b) by billing for services to beneficiaries who were not eligible because they were neither addicted to nor dependant upon drugs or alcohol; c) by billing for services that were not properly documented and for which the required assessment tools had not been authorized by the Regional Assessment Center; d) by billing for services that had not been authorized by the Regional Assessment Center; and e) by billing for services in excess of the services authorized by the Regional Assessment Center. Counts 54-68 of the Indictment charge Money Laundering, that is, knowingly engaging in monetary transactions affecting interstate commerce in criminally-derived

property in excess of $10,000, that is, the withdrawal and transfer of funds from The Great Meeting's account, which was derived from the health care fraud and conspiracy to commit health care fraud alleged in Counts 1-53, in violation of Section 1957 and Section 2. Count 69 charges that the defendants willfully obstructed a criminal investigation of health care offenses by creating and sending in "Kansas Client Placement Criteria" forms to prevent investigators from discovering that the defendants had not received authorization from the Regional Assessment Center prior to submitting claims to Medicaid, in violation of Section 1518 and Section 2. And finally, Count 70 charges the criminal forfeiture of all property derived from proceeds traceable to the offenses in the indictment, pursuant to Section 982.

II. *Summary of Defendants' Motion to Dismiss*.

As set forth below, the defendants' motion to dismiss makes three basic arguments: first, defendants contend the health care fraud statute (§1347), as applied, is unconstitutionally vague; second, defendants argue the indictment is legally insufficient and vague; and third, defendants argue the Indictment contains prejudicial surplusage that should be stricken.

A. *Vagueness*. The defendants first argue that Section 1347 is unconstitutionally vague as applied because it fails to give notice that the conduct alleged in the Indictment was unlawful. They argue the statute necessarily incorporates the rules and regulations of the Kansas Medicaid program, and that one must look to those rules to see what was required in connection with claims for payment. Defendants concede that the Medicaid rules prohibited making claims for services that were not provided, but they question whether the rules required services to be pre-approved, and they point out that the Indictment cites no authority for its allegation that there was such a requirement. Defendants further complain they are "unable to find ... where it is criminally prohibited" to offer services to children or to beneficiaries not addicted, or to bill for services not

authorized or in excess of services authorized.  Doc. 67 at 13.

Defendants argue it is unconstitutional to "stretch" the statute in this manner because a reasonable person would not have understood such conduct to be prohibited and because doing so allows the government to engage in arbitrary enforcement of the law.  Defendants cite *Health Script v. State*, 770 N.E.2d 810 (Ind. 2002), where the Indiana Supreme Court struck down a state law making it a crime to knowingly file a Medicaid claim "in violation of Indiana Code § 12-15," a provision stating that by accepting payment the provider agreed to comply with the statutes and rules governing the program.  The Indiana Supreme Court said the statute failed to provide fair warning of what was prohibited insofar as it merely stated that a Provider was prohibited from filing a claim in violation of the Indiana code.  Defendants contend similar reasoning applies here because to determine whether a claim is allowable, one must incorporate pages of Kansas Medicaid regulations, the Provider Manual and Provider Agreement, and various bulletins – all of which change from time to time.

    B. *Sufficiency of the Indictment & Request for Bill of Particulars*.

The defendants next argue that the Indictment is vague and insufficient as to the government's theories of wrongdoing, the number of beneficiaries for whom false claims were made, and the amount of money allegedly obtained from such claims.  Doc. 67 at 18.  In the course of their "deconstruction" of the Indictment, defendants also argue that the health care fraud counts are internally inconsistent because they allege the claims were false due to services not being provided,  while at the same time alleging the claims were false for reasons premised upon actually providing services (such as billing for services provided to children under 12 years old).  Defendants also argue the dollar figures and the number of beneficiaries in various parts of the Indictment cannot be reconciled.  Defendants cite *United States v. Bobo*, 344 F.3d 1076 (11th Cir. 2003) in

support of their contention that the Indictment is insufficient because it "does not state the statutory, regulatory, contractual or other basis" for allegations that certain acts, such as pre-certification, were "required" under the Medicaid program. Defendants thus contend the Indictment is insufficient and should be dismissed or, in the alternative, the court should "instruct the USA to provide a bill of particulars so that Defendants may have adequate notice for trial preparation." Doc. 67 at 25.

C.  *Surplusage*.

Defendants' final argument is that the Indictment contains surplusage that should be stricken. Defendants' brief sets forth an extensive list of statements allegedly falling under this category, including the following: that the scheme to defraud Medicaid involved $1.24 million (defendants say the actual total of the claims listed is only $232,000); the allegation that defendants' compensation exceeded what they reported to the IRS (defendants argue this is irrelevant and unfairly prejudicial); the allegations that Peggy Franklin-El convinced others to provide her with their Medicaid numbers in exchange for compensation, that the defendants submitted claims for services provided to relatives, and that the defendants submitted additional materials to Medicaid after claims had been denied or after the defendants received a federal subpoena (defendants argue that such acts are not unlawful); and they complain that several of the overt acts alleged in the Indictment constitute separate crimes but are not charged as such. *See* Doc. 67 at 26-31.

Defendants also cite numerous examples of what they say are incorrect statements about the requirements of Kansas Medicaid rules and regulations, including the following: allegations that services must be pre-authorized to be eligible for payment; that Kansas has not approved the alternative SASSI screening tool; that the defendants never used "Modifier 52" despite not completing the approved ASI screening tool; that the provider may only bill for services that are authorized; and that the Kansas Medicaid program does not pay for services such as transportation,

tutoring, and anger management counseling. Defendants argue that these and the other statements identified in their brief are "highly prejudicial and inflammatory" and should be stricken. Doc. 67 at 26.

III. *Discussion*.

For the reasons that follow, the court finds the defendants' motion to dismiss the indictment should be denied.

A. <u>Vagueness</u>. A law is unconstitutionally vague when it fails to enable ordinary people to understand what conduct it prohibits, or if it encourages arbitrary and discriminatory enforcement. *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999). The statute must be examined in light of the facts of the case at hand. *United States v. Powell*, 423 U.S. 87, 92 (1975). *Cf. United States v. Hillgartner*, 42 Fed.Appx. 134, 137, 2002 WL 1293028 (10th Cir. 2002) (whether the statute is "vague" as applied necessarily involves a consideration of the evidence adduced at trial).

Section 1347 applies to anyone who knowingly and willfully attempts to execute a scheme or artifice to defraud a health care benefit program in connection with payment for health care services. A "scheme or artifice to defraud" has long been construed to mean any deliberate plan of action or course of conduct by which someone intends to deceive or cheat another or deprive another of something of value. *See e.g., United States v. Trammell*, 133 F.3d 1343 (10th Cir. 1998). As such, the statute requires a showing that the defendants engaged in the acts charged knowingly, willfully, and with a specific intent to defraud, and not because of mistake or other innocent reason. In this regard, Section 1347 is like the mail and wire fraud statutes, both of which have repeatedly withstood challenges based on vagueness. *See e.g., Hillgartner*, supra.

A challenge that a statute is unconstitutional for vagueness is closely related to an objection that the statute does not require a showing of specific intent. *See United States v. Kirkham*, 129

Fed.Appx. 61, 2005 WL 827119 (5th Cir. 2005) (unpublished; text available in Westlaw) (rejecting vagueness challenge to § 1347). "If a statute does include 'willfulness' or specific intent as an element, it will normally not be so vague as to deprive a defendant of reasonable notice that his conduct is proscribed." *Id*. at \*\*7 (*citing United States v. Waymer*, 55 F.3d 564, 568 (11th Cir. 1995)). "Accordingly," the Fifth Circuit noted in *Kirkham*, "we have upheld the constitutionality, against vagueness challenges, of both the bankruptcy fraud statute and former 18 U.S.C. § 1346, the general anti-fraud statute, because each requires the government to prove specific intent to defraud – as does § 1347." *Id*.

The specific intent requirement clearly undermines the defendants' claim that they are being unfairly prosecuted without notice that their conduct was prohibited. As the Tenth Circuit has observed, a "vagueness challenge to a penal statute based on insufficient notice rarely succeeds where the requisite mental state is one of purpose or specific intent." *United States v. Welch*, 327 F.3d 1081, 1096 (10th Cir. 2003).

The Indictment spells out the way in which the defendants allegedly executed the scheme to defraud, including a detailed description of how the claims they submitted to Medicaid were false. The defendants take issue with a portion of these allegations, such as the allegation that some claims were false because the services had not been authorized by the Regional Assessment Center. The defendants question whether there was such a requirement and whether claims lacking authorization could be considered false. The court agrees with the Government that these amount to challenges to the Government's proof. The Indictment alleges that the Assessment Center had to authorize services in order for them to be eligible for Medicaid payment. The proof of this allegation, like the other allegations as to what the Medicaid program required for payment, may depend upon evidence produced at trial, including evidence relating to the policies and procedures of the Medicaid

program. Similarly, whether the defendants were aware of such a requirement and whether they knowingly attempted to deceive Medicaid into paying claims for services that had not been authorized are factual questions to be proved at trial. *See United States v. Augustine Medical, Inc.*, 2004 WL 256772, *4 (D. Minn. 2004) ("It is for the jury to determine whether Defendants knew the product was not covered during the period they instructed others how to bill it to Medicare, and whether they made false statements to effect such billing with the intent to profit financially."). *Cf. Healthscript, Inc. v. State*, 770 N.E.2d 810, 817 (Ind. 2002) (Boehm, J., concurring) (if the case is viewed as a fraudulent claim case, then "[t]he administrative regulation does not define the crime. Rather, it is part of the background that renders [defendant's] payment requests false."). Of course, the trial judge can eliminate from the jury's consideration any allegation in the Indictment that is not borne out by the proof at trial. At any rate, insofar as the defendants' pre-trial motion to dismiss for vagueness is concerned, it is sufficient to say that a reasonable person would understand that Section 1347 extends to any deliberate scheme to deceive or cheat Medicaid by submitting materially false claims which the person knows do not meet the program's requirements for payment, including any requirement for authorization of services. *See Augustine Medical*, supra ("While Medicare regulations are admittedly complex, the statutes Defendants are charged with violating state relatively straightforward descriptions of fraud and conspiracy to commit fraud, and thus provide Defendants with sufficient notice as required by the Fifth Amendment) ; *United States v. Stewart*, 872 F.2d 957, 959 (10th Cir. 1989) (the test is whether a person of ordinary intelligence is given fair notice by the statute that his conduct is forbidden). The court finds that the statute, which requires a showing that the defendants acted with intent to defraud, provides fair notice that the conduct alleged in the Indictment was prohibited. The court further finds that the requirement of specific intent under Section 1347 eliminates any claim that the statute encourages arbitrary or

discriminatory enforcement. *Cf. Ward v. Utah*, 398 F.3d 1239 (10th Cir. 2005). Accordingly, the court finds that the motion to dismiss the Indictment for vagueness should be denied.

      B. *Sufficiency of the Indictment & Request for Bill of Particulars*.

The court also rejects the defendants' claim that the Indictment is insufficient or vague. An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense. *United States v. Todd*, 446 F.3d 1062 (10th Cir. 2006). Defendants do not appear to argue that the elements of the offenses are lacking; rather, their argument is that the Indictment is "internally inconsistent, confusing, and circular." Doc. 67 at 25. Granted, the Indictment is not easy to read and the allegations of fraud are somewhat complex, but that appears due more to the nature of the alleged scheme than to the manner of drafting the Indictment. *Cf. United States v. Shelton*, 669 F.2d 446, 460, n. 22 (7th Cir. 1982) ("The indictment is complicated but no more than was necessary to set out the complex criminal scheme perpetrated by these defendants."). Moreover, the Indictment includes extensive evidentiary detail and virtually "maps out" the Government's case, even though such detail is not required in an Indictment. Based on its review, the court finds that the Indictment provides adequate notice of the charges and it is not insufficient or vague. The court also rejects the defendants' claims that the Indictment is somehow "internally inconsistent," inasmuch as these arguments appear to be based upon the defendants' own assumptions about the figures alleged. The court finds no internal inconsistency between an allegation of an overall scheme to defraud Medicaid of $1.24 million, and the other allegations relating to specific instances of fraud that were a part of that overall scheme. The Indictment provides the defendants with fair notice of the charges against which they must defend.

As for the defendants' request for a Bill of Particulars, the court notes the defendants have

not specified what it is they seek in the way of supplemental information. The purpose of such a bill is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993). The Indictment in this case is more than sufficient to inform the defendants of the charges, the theory of the Government's case, and to allow them to prepare their defense. The court also notes that the defendants were provided with extensive discovery in this case almost a year ago – including the specific records that are at issue – and they have had ample time to prepare for trial. *See United States v. Canino*, 949 F.2d 928, 949 (7th Cir.1991) (a bill of particulars is not required where the information necessary for one's defense can be obtained through some other satisfactory form.). Under the circumstances, the court finds the request for bill of particulars should be denied.

    C. *Surplusage*.

Finally, the Court denies the defendants' motion to strike allegations from the Indictment as surplusage. A court has discretion under Rule 7(d) to strike surplusage, particularly where the allegations are irrelevant and prejudicial. *United States v. Schuler*, 458 F.3d 1148, 1153 (10th Cir. 2006). But the court is not persuaded that the passages objected to by the defendants should be stricken. The background of the Medicaid program and the circumstances surrounding the defendants' alleged scheme are relevant and are appropriately included in the Indictment. Similarly, although the defendants object to a number of other items – including allegations about what salaries the defendants obtained, their alleged failure to properly report income, and their dealings with relatives – the court finds these allegations may well be relevant to the defendants' motivation, intent and knowledge relating to the alleged scheme to defraud. Of course, a determination of the relevance of such passages depends in part upon the evidence produced at trial. At this point,

however, defendants have shown no grounds to strike allegations from the Indictment. Accordingly, the court denies the request to strike surplusage, and it will deny the defendants' motion to dismiss the Indictment.

IV. *Conclusion.*

The defendants' Amended Joint Motion to Dismiss the Indictment (Doc. 67) is DENIED. IT IS SO ORDERED this   16th   Day of February, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge